UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN J. MOLINA,

                Petitioner,

-against-

ALEJANDRO MAYORKAS,
SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY,

                Respondent.

22-CV-5579 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who was incarcerated in Fishkill Correctional Facility at the time he filed this action, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241. Petitioner originally filed this action in the United States District Court for the Eastern District of New York. *See Molina v. Mayorkas*, No. 22-CV-2037 (E.D.N.Y. June 30, 2022). By text order dated June 30, 2022, Judge Rachel P. Kovner of the Eastern District dismissed Petitioner's challenge to his order of removal for lack of subject matter jurisdiction, and transferred Petitioner's challenge to his immigration confinement, which arises under Section 2241, to this court.[1] (*See* Text Order, June 30, 2022.)

By order dated July 11, 2022, the Court granted Petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, the Court denies without prejudice Petitioner's petition for a writ of *habeas corpus* under Section 2241.[2]

---

[1] By text order dated June 5, 2022, Judge Kovner directed Petitioner to show cause why the court should not dismiss his challenge to his removal order for lack of jurisdiction and transfer his Section 2241 claims to this District. (*See* Text Order, June 5, 2022.) Petitioner filed a letter response on June 23, 2022. (*See* ECF 3.)

[2] Because the Eastern District has already dismissed Petitioner's challenge to his removal order for lack of subject matter jurisdiction, this Court addresses only his challenge to his confinement under Section 2241.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the petition. Petitioner Juan J. Molina, who is a citizen of the Dominican Republic, was ordered removed from the United States on July 5, 2012, following his March 25, 2009, conviction in the County Court, Albany County, for criminal possession of controlled substance in the first degree, criminal sale of a controlled substance in the first degree, conspiracy in the second degree, and criminal possession of a controlled substance in the third degree. (ECF 1, at 2.) Petitioner was found guilty after a jury trial and was sentenced to concurrent and consecutive sentences totaling 39 years' imprisonment. The New York State Supreme Court, Appellate Division, Third Department, concluded that the consecutive sentence was required to run concurrently with other sentences and affirmed the conviction and sentence as modified, and the New York State Court of Appeals denied leave to

appeal. *See People v. Molina*, 73 A.D.3d 1292 (3d Dep't 2010), *leave denied*, 15 N.Y.3d 807 (2010). Records maintained by the U.S. Department of Justice show that Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal was dismissed on October 12, 2012.[3]

The petition states that on March 23, 2022, Petitioner was granted conditional parole from criminal custody. (ECF 1, at 3.) Records maintained by the New York State Department of Corrections and Community Supervision (DOCCS) show that, on July 11, 2022, Petitioner was actually released on parole into the custody of United States immigration.[4] According to U.S. Immigration and Customs Enforcement's Online Detainee Locator System, Petitioner is currently detained in the Buffalo Federal Detention Facility in Buffalo, New York.[5]

Petitioner invokes the Due Process Clause of the Fifth Amendment. He asserts that he may not be held indefinitely pending removal and that "once the *six months* period for removal has expired . . . cancellation of removal should be granted in its entirety." (*Id.* at 3 (emphasis in original).)

Petitioner seeks "a writ of habeas corpus to be brought to the end that he may be discharged from his unconstitutional immigration confinement" and "a writ of habeas corpus cancellation of removal and/or de novo review of removal proceedings." (*Id.* at 9.)

---

[3] *See* https://acis.eoir.justice.gov/en/caseInformation, Juan Jose Molina, A-Number: 041-427-261.

[4] *See* https://nysdoccslookup.doccs.ny.gov/, Juan J. Molina, DIN: 09A1706.

[5] *See* https://locator.ice.gov/odls/#/index, Juan Jose Molina-Castillo, A-Number: 041-427-261.

## DISCUSSION

Under federal immigration law, 8 U.S.C. § 1231(a) governs the detention, release, and removal of individuals who have been "ordered removed" from the United States. When the United States Attorney General takes a noncitizen into custody, the Attorney General "shall remove . . . [the noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). If the noncitizen is in state custody, the 90-day period does not commence until "the date [he] is released from detention or confinement." *Id.* § 1231(a)(1)(B)(iii). The Attorney General "is under no obligation to execute a deportation order" while the noncitizen is still serving a state sentence. *Duamutef v. I.N.S.*, 386 F.3d 172, 179 (2d Cir. 2004). Indeed, "under § 1231(a)(4)(A), 'the Attorney General may not remove [a noncitizen] who is sentenced to imprisonment until the [noncitizen] is released from imprisonment.'" *Id.* (quoting 8 U.S.C. § 1231(a)(4)(A)). Once the noncitizen is released from state custody, the statute provides the Government "shall" detain the noncitizen during the 90-day statutory removal period. 8 U.S.C. § 1231(a)(2).

Here, Petitioner fails to show that his immigration custody is unconstitutional because Section 1231's 90-day removal period has not expired; in fact, it has only recently been triggered. The 90-day period began when Petitioner was released from state custody on July 11, 2022. The Government therefore has 90 days from July 11, 2022, or until on or about October 10, 2022, to effectuate removal. Under the statute, the Government is *required* to detain Petitioner during this 90-day period. *See id.* (directing that the Government "shall" detain the noncitizen during the statutory removal period). Because Petitioner's 90-day removal period has not expired, and because the Government is statutorily required to detain him during this period,

4

he cannot show that he is being held "indefinitely" in violation of the constitution. The Court therefore denies without prejudice Petitioner's challenge to his immigration custody.[6]

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

                                                     /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[6] After the conclusion of the initial 90-day removal period, the United States government "may" detain certain categories of individuals subject to removal. 8 U.S.C. § 1231(a)(6). The Supreme Court has recently held that, under the statute, the government is not required "to offer detained noncitizens bond hearings after six months of detention." *Johnson v. Arteaga-Martinez*, 142 S. Ct. 1827, 1830 (2022). In *Arteaga-Martinez*, the Supreme Court did not decide whether a noncitizen detained for more than six months may be entitled to a bond hearing based on constitutional due process concerns. *Arteaga-Martinez*, 142 S. Ct. at 1834-35. Because Petitioner's 90-day removal period has not expired, the Court need not address this issue here.